**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**CHELSEA ELIZABETH GRAY,**
Plaintiff,

v.

**GRAIN TRAIN EXPRESS, LLC,** an Iowa Limited Liability Corporation, and
**FERNANDO VASQUEZ,** individually
Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Chelsea Elizabeth Gray, pursuant to Fed.R.Civ.P. 8, for a Complaint and Jury Demand, against Defendants, Grain Train Express LLC and Fernando Vasquez, asserts and alleges as follows:

## I. JURISDICTION AND VENUE

1. Chelsea Gray (hereinafter "Ms. Gray"), age 32, is a Colorado resident, was a Colorado resident on or about Feb. 9, 2017, and intends to remain a Colorado resident for the foreseeable future.

2. Defendant Grain Train Express LLC ("Grain Train") is a corporation domiciled and residing within the State of Iowa. Based on information and belief, Grain Train will reside within the State of Iowa for the foreseeable future.

3. Defendant Fernando Vasquez ("Vasquez") resides within the State of Iowa and, based on information and belief, will remain an Iowa resident for the foreseeable future.

4. On or about Feb. 9, 2017, a Grain Train semi-tractor and trailer operated by Vasquez within the course and scope of his employment and/or agency with Grain Train collided with a motor vehicle operated by Ms. Gray on U.S. Highway 85 in Weld County, Colorado.

5. The tortious acts committed by Grain Train and Vasquez occurred within the State of Colorado.

6. The amount in controversy between the Colorado Plaintiff and Iowa Defendants involves more than $75,000, exclusive of interest and costs.

7. This Court has personal and subject matter jurisdiction pursuant to 28 U.S.C. §1332 (a) because the Colorado Plaintiff is a diverse citizen from Iowa, a state where the defendants reside with the matter in controversy exceeding $75,000.

## II. GENERAL ALLEGATIONS

8. The Plaintiff incorporates all previous allegations as if set forth in full.

9. On or about February 9, 2017, at approximately 7:30 a.m., Ms. Gray drove her Volkswagen southbound on Highway 85 within Weld County, Colorado.

10. At that time and location, a five (5) axle 2002 Freightliner semi-tractor and trailer operated by Vasquez drove westbound on County Road 44 in Weld County.

11. Vasquez steered his semi-tractor and trailer across the intersection of WCR 44 and Colorado 85 from a stop sign.

12. Vasquez, at that time and location, owed Ms. Gray and the motoring public a duty of due care to drive his semi-tractor and trailer safely to avoid colliding with other vehicles and injuring another human being.

13. Vasquez at that time and location owed Ms. Gray and the motoring public a duty to obey Colorado traffic safety laws to avoid colliding with other vehicles and injuring another human being.

14. At that time and location, Vasquez owed Ms. Gray and the motoring public a duty to drive safely and carefully.

15. At that time and location, Vasquez owed Ms. Gray and the motoring public a duty to keep a proper lookout for other traffic to avoid colliding with another vehicle and injuring a human being.

16. At that time and location, Vasquez owed Ms. Gray and the motoring public a duty to drive safely and carefully in compliance with C.R.S. §42-4-1402 to avoid colliding with another vehicle and injuring another human being.

17. At that time and location, Vasquez owed Ms. Gray and the motoring to obey Federal Motor Carrier Safety Regulations including but not limited to 49 CFR 383.111, et. seq., §49 CFR 390, §49 CFR 391-396 to avoid colliding with another vehicle and injuring a human being.

18. At that time and location, Vasquez owed Ms. Gray and the motoring public a duty to obey C.R.S. §§42-4-701, 702 and 703 to yield the right of way to other vehicles when changing lanes to avoid colliding with another vehicle and injuring a human being.

19. At that time and location, Vasquez drove his Grain Train semi-tractor and trailer to collide with the vehicle driven by Ms. Gray.

20. The State of Colorado dispatched trooper Fetzer to investigate the collision.

21. Trooper Fetzer was trained to investigate motor vehicle collisions in order to determine the cause or what brought about the collision.

22. Trooper Fetzer, based on information and belief, had investigated numerous other motor vehicle collisions before investigating the Vasquez-Gray crash.

23. Trooper Fetzer investigated the collision by inspecting the scene, inspecting the vehicles, interviewing the drivers and witnesses, and reviewing Colorado traffic safety statutes in effect at the time.

24. Trooper Fetzer determined that Vasquez caused the collision by violating Colorado law in failing to yield the right of way to Ms. Gray.

25. The State of Colorado through Trooper Gray concluded that negligence by Vasquez in, among other things, failing to drive carefully and failing to yield the right of way to the Gray vehicle caused the collision between the Grain Train semi-tractor and trailer and the Gray vehicle.

26. At the time of the Incident, Defendant Vasquez was driving a 2002 Freightliner TT (the "Vasquez Freightliner Truck") as illustrated here:



27. Eyewitness Tim Borrego, driving behind the Gray Volkswagen, reported to Trooper Fetzer that the Grain Train semi-tractor sideswiped Gray so he stopped to assist her at the scene.

28. The impact by the Grain Train Freightliner propelled the Gray Volkswagen some 92 feet onto Weld County Road 44, leaving metal shards onto the highway before eventually coming to a final rest in the westbound lane of traffic on WCR 44, on its wheels facing west, as depicted in photographs below:



29. Weather played no role in the decision by Vasquez to ignore the right of way he owed to the Gray Volkswagen based on Trooper Fetzer determining the crash occurred in broad daylight in clear weather conditions on a clear and dry roadway.

30. Trooper Fetzer reported that the Gray Volkswagen sustained “severe” damages to every portion of her car and had to be towed from the scene.



| Vehicle Owner Last Name: | First: | | MI: |
|---|---|---|---|
| Gray | Chelsea | | E |
| Street Address: | City: | State: | Zip: |
| 1922 26th Ave | Greeley | CO | 80631 |

Towed Due to Damage ✓ By: C & J Auto Service To: 5118 County Rd 35



31. Trooper Fetzer determined that the crash caused serious enough injuries to Ms. Gray to require an ambulance to evacuate her to a hospital Emergency Room.

32. Banner Health EMS rescued Ms. Gray from the scene to transport her to the Northern Colorado Medical Center Emergency Room.

33. Emergency paramedics reported that they found Ms. Gray sitting against a fence bleeding from multiple cuts on her jaw, cheeks and face, with bruising and swelling.

34. Paramedics reported that Ms. Gray had swelling to the left eye and that Ms. Gray reported left shoulder pain and pain to her upper back in between her shoulder blades.

35. Emergency Room physicians at Northern Colorado Medical Center diagnosed her with a broken bloody nose, concussive brain damage, facial fracture and cuts caused by the Grain Train collision.

36. The crash caused Ms. Gray multiple injuries, damages, and losses (collectively, "Injuries"), including without limitation to injuries to fractured facial bones on the left side of her face, cuts and swelling on her left hand from broken glass, cuts on her face near her chin and neck from the glass, nondisplaced fracture of the right posterior first rib, conductive hearing loss of the left ear, zygomatic fracture, malar fracture, chronic maxillary sinusitis, atypical facial pain, otalgia of the left ear, tinnitus of the left ear, cervicogenic headache, abnormal auditory perceptions, neck muscle spasms, right knee injury, intractable chronic post-traumatic headaches, migraines, trigeminal neuralgia of left side of face, concussion, back pain, muscle weakness to the left side of face, disfigurement to her left cheek bone near the orbital socket on the left, pain in jaw, cervicalgia, shoulder pain, neck pain, decreased range of motion and pain of the cervical spine, thoracic spine and lumbar spine, closed fracture of left orbital floor and permanent scarring on her face and neck. Photographs depicting Ms. Gray's physical injuries shortly after the crash are illustrated below:












37. Crash injuries caused Ms. Gray to lose work and to pursue medical care necessitated by the crash.

38. The crash necessitated she incur medical care and treatment and incur expenses so far totaling $69,659.70 but expected to increase as she requires future medical and/or surgical care recommended by her physicians.

**FIRST CLAIM FOR RELIEF**
**(Negligence Against Defendant Vasquez)**

39. Plaintiff incorporates all previous allegations as if set forth in full.

40. Defendant Vasquez breached the duties of care asserted above and by breaching those duties, violated his obligations as a commercial truck operator to drive safely with due regard for traffic and applicable statutes and regulations.

41. The driving behavior by Vasquez constitutes negligence, which caused economic and non-economic injuries, damages and losses to Plaintiff Gray in amounts to be determined by the jury at trial.

**SECOND CLAIM FOR RELIEF**
**(Negligence *Per Se* Against Defendant Vasquez)**

42. Plaintiff incorporates by reference all previous allegations.

43. Defendant Vasquez' conduct violated C.R.S. §§ 42-4-1402 and 42-4-701 by, among other things, merging into the Gray lane of traffic without yielding to her right of way and driving carelessly without regard for other traffic.

44. In violating those Colorado statutes enacted to protect the motoring public from unsafe drivers who hurt others, Vasquez was negligent *per se.*

45. Vasquez' negligence and negligence *per se* caused the Plaintiff to require or need future or further medical care for the foreseeable future.

46. The Plaintiff has suffered from continuing or recurring pain since the February 9, 2017, collision, and based on medical advice, is likely to experience recurring pain from this crash for the rest of her life.

47. As a direct and reasonably foreseeable result of the negligence *per se* of Defendant Vasquez, Ms. Gray has suffered and will continue to suffer injuries, damages and losses for economic damages, non-economic damages, physical impairment and disfigurement.

**THIRD CLAIM FOR RELIEF**
**(Negligent Training/Supervision against Defendant Grain Train Express)**

48. Plaintiff incorporates by reference all previous allegations.

49. Grain Train owes an obligation to the motoring public to train and supervise truckers driving Grain Train semi-tractors to obey traffic safety laws and regulations to prevent their truckers crashing into other vehicles and injuring human beings.

50. With the Iowa-based employee-agent Vasquez ignoring Colorado safety statutes that he yield the right of way before merging into another vehicle's lane of travel

and by driving carelessly, Grain Train breached its duty of due care to train its semi-tractor drivers such as Vasquez how to drive safely to avoid such injury-causing crashes as well as periodically supervising him to ensure Vasquez knew enough about Colorado safety rules and regulations to avoid injury-causing crashes as he did with Ms. Gray.

51. The failure of Grain Train to properly train and supervise driver Vasquez, who was driving the Grain Train semi-tractor within the course and scope of his employment and/or agency with Grain Train, was a substantial factor in contributing to cause the injuries, damages and losses to Ms. Gray in amounts to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**(Vicarious Liability against Grain Train)**

52. Plaintiff incorporates by reference all previous allegations.

53. At the time and location of the collision with Ms. Gray, Vasquez operated the Grain Train Freightliner semi-tractor and trailer within the course and scope of his employment with Grain Train.

54. At the time and location of the collision with Ms. Gray, Vasquez operated the Grain Train Freightliner semi-tractor and trailer on behalf of Grain Train and was acting within the course and scope of his agency with Grain Train.

55. With Vasquez operating the Grain Train Freightliner semi-tractor and trailer within the course and scope of his employment and/or agency with Grain Train, Grain Train is vicariously liable for negligent acts and omissions by Vasquez committed while he acted within the course and scope of this employment and/or agency with Grain Train, Grain Train is vicariously liable for negligent acts and

omissions by Vasquez committed while he acted within the course and scope of his employment and / or agency with Grain Train.

56. The negligent acts and omissions of Vasquez in colliding with the Gray Volkswagen, including but not limited to negligence *per se*, become the negligent acts and omissions of Grain Train through vicarious liability doctrines for which Grain Train becomes responsible for causing the economic and non-economic injuries, damages or losses by Ms. Gray.

**WHEREFORE,** Plaintiff, Chelsea Elizabeth Gray, prays for judgment on her behalf for economic damages for past and future medical expenses, for physical impairment, scarring and disfigurement, for non-economic damages for the pain, worry, fear, embarrassment, loss of time, inconvenience, and loss of enjoyment of life caused by this collision, for costs, statutory interest, expert witness fees, filing fees, and any other relief or remedy authorized by law.

Respectfully submitted this 28th day of February 2019.

**JURY TRIAL DEMANDED**

A duly signed original is on file at
GRAY LAW, LLC

By: /s/ Natalie A. Gray
Natalie A. Gray, #45228
GRAY LAW, LLC
1888 N. Sherman St., Ste. 200
Denver, CO 80203
Phone Number: (720)453-2441
Facsimile: (303)265-9454
Email: Natalie@GrayLaw.Co
ATTORNEYS FOR PLAINTIFF

A duly signed original is on file at
THE KAUDY LAW FIRM, L.L.C.

By: */s/ Richard M. Kaudy*
Richard M. Kaudy, #12345
THE KAUDY LAW FIRM, LLC
333 W. Hampden Avenue, Suite 850
Englewood, CO 80110
Telephone: (303) 623-1885
Fax: (303) 623-1825
Email: rkaudy@kaudylaw.com
ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:
1922 26th Avenue
Greeley, CO 80634